QUANTITY OF MANUFACTURED TOBACCO (UNITED STATES v.). See Case No. 16,102.

QUANTITY OF RAGS (UNITED STATES v.). See Case No. 16,103.

———

## Case No. 11,500.

### QUANTITY OF TOBACCO.

[5 Ben. 407.] [1]

District Court, S. D. New York. Nov., 1871.

INTERNAL REVENUE—CANCELING TOBACCO STAMPS —INTENT TO SELL OR REMOVE IN FRAUD OF THE LAW.

1. Two unstamped packages of tobacco, and some unstamped packages of cigarettes, were found in a tobacco store. It was a question, on the evidence, whether these packages belonged to the establishment. Other packages, properly stamped, were also found there. There was evidence tending to show that the person in charge of the store had been in the habit of not destroying the stamps on packages which were emptied, but of keeping them: Held, that the unstamped packages must be forfeited, under the 70th section of the act of July 20, 1868 (15 Stat. 156).

2. The expression, "in fraud of the internal revenue laws," in the 48th section of the act of June 30th, 1864, as amended by the 9th section of the act of July 13, 1866 (14 Stat. 111), means "in violation of the internal revenue laws."

3. Although there might have been no intent to sell or remove the stamped packages without their paying the taxes which the stamps indicated, there might have been a design to remove and sell them in fraud of the law.

4. If there was an intention on the part of those in charge of the establishment, to violate the law in relation to the goods that were taxable, by not canceling the stamps on packages that were sold, as required by the 72d section of the act of July 20th, 1868, then the whole establishment was forfeited.

5. If the unstamped packages belonged to the establishment, and were there for the purpose of being sold without the payment of tax upon them, it would be good ground for forfeiting the entire establishment.

6. The government must make out its case to the satisfaction of the jury, by a preponderance of testimony.

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

At law.

Thomas Simons, Asst. Dist. Atty., for the United States.
Ethan Allen, for claimant.

BLATCHFORD, District Judge (charging jury). This prosecution is instituted under the 70th section of the act of July 20, 1868 (15 Stat. 156), in relation to a portion of the goods seized, and under the 48th section of the act of June 30, 1864, as amended by the 9th section of the act of July 13, 1866 (14 Stat. 111), in relation to the rest of the property. The entire establishment [No. 75 Fulton street] was seized. You must find a verdict for the government in regard to the two unstamped packages of tobacco, and in regard to the unstamped cigarettes, because they were found in the establishment without the stamps which the law requires to be upon them. The 70th section of the act of 1868 says: "The absence of the proper stamp on any package of manufactured tobacco or snuff shall be notice to all persons that the tax has not been paid thereon, and such tobacco or snuff shall be forfeited to the United States." Therefore, you must find a verdict for the government in regard to the two packages and the cigarettes.

In regard to the rest of the property which was seized, which comprises a large mass of goods, consisting generally of segars, cigarettes, chewing tobacco, and smoking tobacco, put up in packages, and which was appraised and delivered to the claimant in this case at a valuation of $4,850, the government claims the condemnation of all of it, under the 48th section of the act of 1864, which declares, that "all goods, wares, merchandise, articles, or objects, on which taxes are imposed by the provisions of law, which shall be found in the possession, or custody, or within the control of any person or persons, for the purpose of being sold or removed by such person or persons in fraud of the internal revenue laws, or with design to avoid payment of said taxes, may be seized by the collector or deputy collector of the proper district, or by such other collector or deputy collector as may be specially authorized by the commissioner of internal revenue for that purpose, and the same shall be forfeited to the United States." All that is necessary, under this 48th section, to forfeit goods on which taxes are imposed by the provisions of law, is, that they must be found in the possession or custody, or within the control, of some person, for the purpose of being sold or removed by such person in fraud of the internal revenue laws, or with design to avoid payment of the taxes imposed. It is not necessary that they should have been actually offered for sale. The cause of forfeiture is their being found in the possession, custody or control of the person, with the design and intent existing in the mind of the person who has them in his possession, custody or control, to sell or remove them in

fraud of the internal revenue laws, or with design to avoid payment of the taxes.

Ordinarily, no question arises in regard to any distinction in meaning between the expression, "sell or remove in fraud of the internal revenue laws," and the expression, "sell or remove with design to avoid the payment of taxes," but, in this case, the distinction is insisted on by the government, and, I think, properly. The goods, in this establishment, which, if stamps had not been found on them, would have been forfeited for that cause alone, were found with the proper stamps upon them; and, ordinarily, where goods are found with the proper stamps upon them, it is a violent presumption to ask a jury to believe that there was a design, in regard to those goods, to sell or remove them in fraud of the law, or with design to avoid the payment of the taxes, if the mode of paying the taxes be by stamps. But, here, it is claimed, on the part of the government, that, although these goods were found with the proper stamps on them, the jury have a right to say, and are bound to say, that they were in the custody and control of the young man who was entrusted by his father with the control and management of that establishment, with the purpose, on his part, to have them sold or removed in fraud of the internal revenue law, although he may have had no design or intent to sell or remove them without having the taxes on them paid. The court charges you, in this case, that, although there may have been no intent to sell or remove the goods which had the stamps upon them without their paying the taxes which the stamps indicated, nevertheless, there may have been a design to remove them and sell them in fraud of the law. The expression, "in fraud of the internal revenue laws," in this connection, means, in violation of the internal revenue laws; and this definition makes it necessary to call your attention to some other sections of the law. One is the 72d section of the act of 1868, which provides, that, whenever any package of any kind, containing tobacco, shall be emptied, "the stamped portion thereof," that is, the stamped portion of the envelope or wrapper, "shall be destroyed by the person in whose hands the same may be." That means, that the portion of the envelope which bears the stamp must be destroyed; and it can mean nothing less than that the stamp itself must be destroyed. It is a violation of this provision, when any stamped package containing tobacco is emptied, not to destroy the stamp. The "stamped portion" is the portion which contains the stamp, and it is impossible to destroy the "stamped portion," the portion which actually has upon it the stamp, without destroying the stamp. The same 72d section goes on to say, that "any person who shall wilfully neglect or refuse so to do, shall, for each such offence, on conviction, be fined fifty dollars, and imprisoned not less than ten days, nor more than six months;" and that "any person who shall

sell or give away, or who shall buy or accept from another, any such empty stamped box, bag, vessel, wrapper or envelope of any kind, or the stamped portion thereof, shall, for each such offence, on conviction, be fined one hundred dollars, and imprisoned for not less than twenty days and not more than one year." It is thus made unlawful for any individual to accept from any other individual any one of these once used tobacco stamps which I have now before me. It is made unlawful, because of the door to fraud that is opened by the neglect on the part of the person who has the power, and is charged by the law with the duty, to destroy, mutilate and obliterate thoroughly from existence, these stamps, the moment the package is emptied. He has no business to throw the used stamps into the street, or to give them to any other person to paste in a book for curiosity, or for any other purpose.

The government contends, in this case, that it has shown to you, that the young gentleman in charge of this establishment, has, by his own confession, been in the habit, when packages in the establishment were emptied of their contents, of not destroying the stamped portions of the envelopes, but of keeping the stamps in his own possession, in violation of the law, affording an opportunity not only for the use of them by himself, but an opportunity for any person who could obtain access to them, to steal and use them. The inference which the government seeks to have drawn from this fact, if established, is, that, as he had, to the extent shown, committed this violation of the law knowingly (and it is for you to say whether it was done knowingly), you have a right to infer that he intended to violate the law in the same manner in regard to some of the taxable goods which were seized. If there was such intention to thus violate the law, and commit a fraud upon the law, in respect to any of the taxable goods found in this establishment, then the whole establishment is forfeited.

It is contended, on the part of the government,—that what was done by this young man, was not done purely for amusement, and was not done without any wrongful intent in regard to the disposition or removal in future of the goods in the establishment, and that the jury have a right to infer, that he intended, when some of the goods then in the establishment should be sent out, to take the stamps off from them, and keep such stamps in his possession.

In regard to the two packages of Killikinick tobacco, the 71st section of the act of 1868 provides, that any person who shall remove from any manufactory, or any place where tobacco is made, any manufactured tobacco, without the proper stamp for the tax thereon being affixed and canceled, shall be fined and imprisoned, on conviction. It was therefore, a violation of law for these two packages of tobacco to be without stamps on them, wheth-

er they were samples, or not. The government claims that this young man ought to have known that fact, and that the state of mind which could induce him to receive such packages into his custody and possession, without their having stamps on them, is to be taken into consideration by the jury, in regard to his intent in regard to the goods found in the establishment. In regard to the cigarettes, it is for you to say, whether there was any knowledge or information on the part of any one in the establishment, that there were any cigarettes in the box. No such question exists in regard to the two packages of tobacco, because it was manifest what they were.

Now, there is but a single other point, and that is this. I do not understand it to be seriously claimed on the part of the government (although it is a question for you to decide), that these two packages of tobacco and these cigarettes found in the establishment belonged to the establishment. If you do not believe the testimony in regard to these packages, or in regard to these cigarettes, and believe that they really belonged to the establishment, then, being found there without stamps upon them, and found in the possession and control of the persons in the establishment, it is for you to say whether they were there for the purpose of being sold without the payment of tax upon them. If so, that would be a good ground for forfeiting the entire establishment.

You have heard all the testimony, and it is for you to say, as a question of fact, whether, on the evidence, you believe there were in this establishment any goods on which taxes were imposed, found in the possession, custody, or control of any person who had the control and management of that establishment derived from its owner, for the purpose of being sold or removed in violation of the internal revenue laws, or with design to avoid payment of taxes; and it is for the government to make out their case to your satisfaction by a preponderance of testimony. The fair weight of testimony must be in favor of the condemnation, otherwise you ought not to find a verdict condemning the goods.

The jury found a verdict for the United States, condemning the two packages of tobacco and the cigarettes, and for the claimant as to the rest of the property seized.

————

QUANTITY OF TOBACCO (UNITED STATES v.). See Cases Nos. 16,104–16,-106a.

QUANTITY OF WEARING APPAREL (CURTIS v.). See Case No. 3,504.

QUANTRILL (SANGSTER v.). See Case No. 12,321.

QUARLES, PETITION OF. See Case No. 7,946.

QUARLES (MORANCY v.). See Case No. 9,788.